# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30702
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

A'BLEZE OAKIE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CR-169-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

A'Bleze Oakie appeals the above-guidelines sentence imposed following his guilty plea to the aggravated assault of a fellow federal inmate. He argues that the sentence was procedurally and substantively unreasonable. We affirm.

Oakie argues that his above-guidelines sentence was procedurally unreasonable insofar as the district court failed to give written reasons

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

explaining the decision to depart or vary from the advisory guidelines range and did not clarify whether the sentence was an upward departure or an upward variance. Oakie's failure to object on these bases in the district court necessitates plain error review. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Under that standard, Oakie has the burden of demonstrating error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Even if the district court made an obvious error in both failing to clarify the nature of the departure or variance and in failing to provide written reasons in support thereof, Oakie is not entitled to relief because neither error resulted in the violation of his substantial rights. The district court provided extensive oral reasons for the sentence, which have allowed us to determine the appropriateness of the non-guidelines sentence despite the absence of written reasons. *See United States v. Zuniga-Peralta*, 442 F.3d 345, 348 (5th Cir. 2006). Furthermore, any procedural error that the district court may have committed in failing to clarify whether it was imposing an upward departure or an upward variance also did not prejudice Oakie's substantial rights because, regardless of the characterization, the substantive reasonableness of the sentence is reviewed for an abuse of discretion. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

Regarding the substantive reasonableness of his sentence, Oakie argues that the district court did not properly weigh the 18 U.S.C. § 3553(a) factors when it failed to account for his traumatic childhood and for his remorse. He further contends that the district court erred in affording significant weight to

the injury sustained by his victim, when that factor was already considered within the guideline calculation under U.S.S.G. § 2A2.2(b)(3)(C).

The record demonstrates that the district court did consider Oakie's childhood trauma and alleged sense of remorse in fashioning the sentence but did not believe either sufficiently mitigating so as to justify a within-guidelines sentence. Additionally, the record supports the district court's determination that the nature of the victim's permanent brain injury was not adequately accounted for by § 2A2.2(b)(3)(C). *See Brantley*, 537 F.3d at 350 (indicating that in imposing a non-Guidelines sentence, the district court may rely on factors already taken into account by the guidelines). Our review of the record confirms that the district court's reasons for the variance were legally sufficient. *United States v. Fraga*, 704 F.3d 432, 438-39 (5th Cir. 2013).

AFFIRMED.